☒

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO

In re: )
Charles L. Mangen )  JUDGE JOHN P. GUSTAFSON
 )
 ) Case No. 17-30761-jpg
 )
Debtor(s) )  ☑ Original Chapter 13 Form Plan
 ) ☐ _____ Amended Chapter 13 Plan

A. Special Provisions

**Notwithstanding anything to the contrary set forth herein, this Plan shall include the provision(s) set forth below:**

The allowance of any claim made by Gregg Gregg S. Santomieri shall be deferred pending the outcome of Debtors appeal to the Third District Court of Appeals (for Auglaize Countt case number 2016-CV-0090) Case Number 2-17-0⁵
(See attached continueation)

☑ Continued on attached separate page(s).

B. General Provisions

1. The debtor assumes the following unexpired leases and executory contracts:

| Creditor | Description of asset or contract |
|---|---|
| Constance M. Mangen | 2015 Dodge Ram Pick-up |
| 208 E. State Street | |
| Botkin, OH  45306 | |

☐ Continued on attached separate page(s).

Any executory contract or unexpired lease not identified above is deemed rejected.

2. The rights of holders of claims secured by a lien or mortgage on residential real property of the debtor shall be modified only to the extent of curing the default and shall result in reinstatement of the mortgage according to its original terms, with no default in scheduled payments. Any exception must be set forth with specificity in Special Provisions and may require additional motions or adversary proceedings.

3. The holder of any claim secured by property of the estate other than a mortgage treated elsewhere herein shall retain the lien until the earlier of payment of the entire balance under applicable non-bankruptcy law or entry of the discharge under 11 U.S.C. § 1328, at which time the lien shall terminate and be released by the creditor.

4. Within fourteen (14) days of a request by the trustee, the debtor shall provide copies of any tax returns filed during the pendency of this case and proof of payment, if applicable, and a copy of the debtor's current wage statement.

### C. Direct Payment Of Mortgage Claims By Debtor

☐ The debtor will make no direct payments to mortgage creditors holding prepetition claims, /or/

☒ The debtor is less than two (2) months delinquent and will make current monthly payments, as listed in the debtor's Schedule J, increased or decreased as necessary to reflect changes in variable interest rates, escrow requirements, collection costs, or similar matters, directly to the following creditors holding claims secured by a mortgage on the debtor's real property:

To creditor __5/3 Bank on residence__, monthly payments of $__787.00__;

To creditor __Peoples Federal__, monthly payments of $__250.00__.

☒ Continued on attached separate page(s).

Any arrearage is provided for in section E4. The current monthly payments are to commence on all mortgages on the due date (without reference to any grace period) immediately following the filing of the petition.

### D. Payments By Debtor To The Trustee

1. **Initial plan term/Commitment period.** The debtor will pay to the trustee 1,000.00 monthly for __60__ months, or all future disposable income, whichever is greater, for a period not less than [drop box 36/60] months. Any deviations shall appear in Special Provisions but are deemed to include all future disposable income language.

   Payments shall be by ☐ Wage Order on Employer ☒ By Debtor ("Private Pay") in the form of money order or certified check. Payments must commence within ten (10) days of filing the plan. The fixed payments required by the plan will begin on or about the first day of the first month after the first payment is received.

2. **Adjustments to initial term.** If the amount paid by the debtor to the trustee during the initial plan term does not permit payment of general unsecured claims as specified, then the debtor shall make additional monthly payments, during the maximum plan term allowed by law, sufficient to permit the specified payments.

2

### E. Disbursements by the Trustee

The trustee shall disburse payments received from the debtor under this plan as follows:

1. **Trustee's fees.** Payable monthly on disbursements.

2. **Priority claims of debtor's attorney.** Payable in full in allowed amounts, not to exceed the lesser of one-half of the funds on deposit with trustee or $150.00 per month, after payment of claims with superior priority as set forth in paragraph F, according to current administrative order. Otherwise, attorney fees are payable upon application and must be described in Special Provisions.

3. **Current mortgage payments.** Not applicable unless trustee is making payments. Leave blank if debtor is paying direct or has no mortgages.

   Payable according to the terms of the mortgage, as set forth below, and subject to any contrary proof of claim, commencing with the payment due (without regard to any grace period) after the filing of the case. Debtor is responsible for making certain that wage deductions or Private Pays are sufficient to make the initial payment and, if not, debtor is responsible for paying additional funds to trustee in order for trustee to make the payments as set forth.

   If trustee does not have sufficient funds to make a full mortgage payment, trustee will send notice, by the 10th of the month, to the mortgage holder at the address on the proof of claim as well as to any attorney who makes notice of appearance. Trustee will continue to make future payments and catch up delinquent payments if possible. Each month debtor remains delinquent, a notice will be sent to the mortgage holder as described above. Copies of said notice will be sent to debtor and debtor's attorney.

   Mortgage payments shall cease as soon as all other creditors have been paid pursuant to debtor's confirmed plan and the arrearage claim of the mortgage holder has been paid. Trustee will request confirmation from the creditor as to the status of the mortgage payments and request the mortgage holder to send a payment book or statements to debtor upon termination of the pay order so that debtor can start making the correct regular mortgage payments on a date certain and debtor begins with a fresh start as to the mortgage debt.

   Each of these payments shall be increased or decreased by trustee as necessary to reflect changes in variable interest rates, escrow requirements, collection costs, or similar matters; trustee shall make the change in payments as soon as practicable after receipt of a notice of the change issued by the mortgage holder, but no later than fourteen (14) days after such receipt. Trustee shall notify debtor of any such change at least seven (7) days before putting the change into effect.

   To creditor N/A Debtor is current on all , monthly payments of $ _____ ;

   To creditor payments and is paying direct , monthly payments of $ _____ .

   ☑ Continued on attached separate page(s).

3

4. **Mortgage arrears.** Payable as set forth below. The amount, but not the rate, is subject to any timely, contrary proof of claim.

   To creditor  NONE _____ arrears of _____, payable monthly pro rata with interest at an annual rate of _____.

   To creditor _____ arrears of _____, payable monthly pro rata with interest at an annual rate of _____.

   *Creditors who do not agree to rate of interest must object to confirmation or the rate in this paragraph is deemed to be absolute on confirmation.*

   ☑ Continued on attached separate page(s).

5. **Secured non-mortgage claims to be paid full current balance.** Secured claims listed herein are to be paid in full during the plan term in the amounts stated in monthly installments. The amount and rate are subject to contrary proofs of claim.

   Creditor: _____
   Collateral: _____
   Date Incurred: _____
   Monthly Payment: _____
   Interest Rate: _____
   Estimated balance: _____

   ☑ Continued on attached separate page(s).

   All claims subject to any security interest or lien, whether disputed or not, other than mortgages treated above, must be listed in this paragraph or paragraphs E6 or E7 immediately below, unless it is clearly indicated collateral is to be surrendered and prompt surrender is executed. If not listed and promptly surrendered, claim must be paid as secured.

6. **Mortgages and/or Judgment Liens to be stripped.**

   Debtor will bring separate motions or adversary proceedings within ten (10) days of filing the trustee's appraisal to strip and declare as unsecured the following mortgages or judgment liens:

4

| Creditor | Collateral | Estimated Balance |
|---|---|---|
| Liens aquired by Cert. | All Real Estate | |
| Judgment by Gregg S. Santomieri | interest of Debtor | |

☑ Continued on attached separate page(s).

7. **Undersecured non-residential mortgage and lien claims other than judgment liens to be crammed down, but not stripped.**

   Secured creditors listed herein are to be crammed down and hold a secured claim only to the extent of the value indicated below and an unsecured claim for the balance. Claims are to be paid pro rata in monthly installments.

   Creditor: NONE

   Date Incurred:

   Collateral:

   Monthly Payment:

   Interest Rate:

   Secured Value:

   *Claims listed in this paragraph E7 are not subject to contrary proofs of claim and creditors objecting to the date incurred, collateral description, monthly payments, secured value or interest rate must file timely objections to confirmation of the plan or be barred thereafter as treatment is absolute upon confirmation, except statutory tax liens, which will be paid as allowed.*

   ☑ Continued on attached separate page(s).

8. **Allowed priority claims other than those of the debtor's attorney.** Payable in full, without interest, on a pro rata basis. Following is the debtor's estimate of known priority claims:

   | Creditor | Source & Year | Amount |
   |---|---|---|
   | NONE | | |

   Claims must be filed by priority unsecured claimants to be paid.

9. **General unsecured claims (GUCs).** All allowed nonpriority unsecured claims, not specially classified, including unsecured deficiency claims under 11 U.S.C. § 506(a), shall be paid, pro rata, to the fullest extent possible, but not less than ___37___% of the allowed amount.

### F. Priority

The trustee shall pay the amounts specified in section E of this Plan in the following order of priority: (1) domestic support obligation claims; (2) trustee's authorized percentage fee; (3) secured claims paid in fixed monthly installments (pro rata in the event of an insufficiency); (4) priority claims of the debtor's attorney, in the amounts allowed; and the following items pro rata: (5) secured claims not paid in fixed installments; (6) priority claims other than those of the debtor's attorney; (7) specially classified nonpriority unsecured claims; and (8) general unsecured claims.

### G. Post-Petition Claims

Post-petition claims filed pursuant to § 1305(a)(1) shall be paid as allowed and subject to the right of the debtor to seek modification. All other post-petition claims may be allowed and paid only to the extent provided by § 1305(a)(2) and require either modification or motion and order.

_/s/ Charles L. Mangen_   5/1/17         N/A
Debtor's Signature - Name typed below    Debtor's Signature - Name typed below
Charles L. Mangen                        N/A

_/s/ Quentin M. Derryberry II_
Attorney's Signature - Name (state bar #), address, and phone typed below
Quentin M. Derryberry II #0024106

15 Willipie Street, Suite 220

P.O. Box 2056

Wapakoneta, OH  45895

6

Attachment to Chapter 13 Plan of       Charles L. Mangen
                                        17-30761-jpg

A.  Special Provisions

   On 02/10/ 2017, Greg S. Santomieri obtained a judgment against Debtor on an unsecured claim in the amount of $53,334 in Auglaize County Common Pleas Court Case No. 2016-CV-0090.  On 02/15/2017 judgment debtor filed a certificate of judgment which constituted a judgment lien against all of Debtors real estate. On 03/01/2017 Debtor filed his Notice of Appeal to the Third Districe Court Of Appeals which was subsequently perfected in CA Case #2-17-05 which is pending in, although stayed by, that Court.
   On 03/06/2017 Judgment Creditor filed  garnishments attempting to acquire assets of Debtor from 5/3 Bank, Peoples Savings, US Bank, ETRADE and PNC Bank which attached and paid to Judgment Creditor cash assets in the approximate amount of $5000.  Debtor intends to file a motion to relieve the Court of Appeals action from the Stay of Stay of Section 362 as acknowledged by the Third District Court of Appeals and thereafter to proceed with his appeal of the judgment.  Trial Counsel for Debtor, Atty. Royce Link, has been fully retained to prosecute the appeal and the transcript as well as research for the brief is complete.  Debtor suggest that the recovery of the preferential attachments will augment the payment fund available to repay unsecured creditors and should he prevail in the appeal, the amount of unsecured claims will be substantially diminished to the advantage of Debtors true unsecured creditors.
   If Judgment Debtor Gregg S. Santomieri should prevail as a creditor of this Chapter 13 estate, he is a general and unsecured creditor and must be paid pro-rata with other creditors to that class.

B.  General Provisions

   No Attachment

C. Direct Payment of Mortgage Claims By Debtor

Peoples Federal Savings & Loan Monthly payment of $600.00
Debtor is not and has not been delinquent on any of the the three real estate mortgage loans.
The payment to 5/3 Bank is for debtor's residence at 10071 Winemiller Road, Wapakoneta, Auglaize County; the $250 payment to Peoples Federal Savings & Loan is on a non occupied commercial building located at 309 E College Street, Jackson Center, Shelby County, for which debtor is seeking a renter; the payment $600 to Peoples Federal Savings & Loan is on an occupied residential (rental) property located at 306 E. Pike St., Jackson Center, Shelby County, on which monthly income of $600 is paid to Debtor

D. Payments BY Debtor To Trustee

No Attachment

E. Disbursements By Trustee

E-5

5/3 Bank payment of $240 is on note collateralized by a 591 DC Tracker boat and Mercury outboard motor on which there is no delinquency and on which debtor proposes to continue with direct payments.

E-6

On 2/10/17 a judgment was rendered against Debtor in Auglaize County Case No. 2016 CV 0090 captioned Gregg S. Santomieri, Plaintiff v Charles L. Mangen, Defendant. The claim and Judgment was not secured by any property. On 2/15/17 Judgment Creditor caused the filing of liens by Certificates of Judgment which now constitute liens on all of Debtor's interest in real estate. On 3/01/2017 Debtor, through his trial counsel Royce Link, filed a notice of appeal to the Third District Court of Appeals and subsequently perfected said Appeal as Case No. 2-17-05. A transcript has been ordered and prepared. A flat fee ($2000) was

negotiated with Attorney Link to prosecute the appeal, which fee has been paid and work on the Appellate Brief is substantially completed.

On 3/06/2017 Judgment Creditor Santomieri, through counsel, caused notice of attachment to be filed against Debtor's interest in deposits at 5/3 Bank, Peoples Federal Savings and Loan, US Bank, PNC Bank and ETRADE. It is believed that at the time of the filing of Debtors Chapter 13 case, approximately $5000. has been withheld from Debtors accounts.

On 4/04/2017, an Order was issued by the Third District Court of Appeals issued the following Order in Case No. 2-17-05

> Upon notice to the court that Defendant-Appellant, Charles L Mangen, has Filed a petition in the United States Bankruptcy Court, Northern District of Ohio, bearing Case No. 17-30761, it is ORDERED that all proceedings herein Be, and hereby are, stayed until further order.

Debtor intends to proceed with a Motion to Modify Stay in this case so that he may proceed with his appeal of the $53,334 civil judgment. Furthermore, Debtor intends that any funds that have been attached by garnishment be declared a preferential payment and released to the trustee to be added to debtor's payments intended for unsecured creditors.

Additionally, Debtor would intend to bring a separate action for the removal of the judgment liens that have attached to Debtor's real estate (property of the estate) as also being preferential.